IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS<br>516 Alto Street<br>Santa Fe, New Mexico 87501,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. BUREAU OF LAND MANAGEMENT<br>1849 C Street NW<br>Washington, D.C., 20240,<br><br>        Defendant. | Case No. 1:18-cv-0890 |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Defendant United States Department of the Interior, Bureau of Land Management ("BLM") has wrongfully withheld records responsive to a request made by Plaintiff WildEarth Guardians ("Guardians") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. Pursuant to FOIA, Guardians requested records relating to the Normally Pressured Lance Natural Gas Development Project in Sublette County, Wyoming (the "FOIA request"). Guardians and its members are concerned about the impacts from the project because, if approved, it will allow for the development of an additional 3,500 oil and gas wells in an area that the United States Environmental Protection Agency designated as being in violation of federal air quality standards under the Clean Air Act. Guardians commented on the draft Environmental Impact Statement for the project at the end of August 2017. The records sought will help Guardians and its members to be fully informed about the impacts of the project and to

ensure that the BLM meaningfully takes into account the air quality and climate implications of its oil and gas decisions. The records sought will allow Guardians to assess whether the BLM has objectively and robustly weighed the costs and benefits of authorizing the resulting release of additional greenhouse gas emissions that are known to contribute to global warming that will occur if the project is approved.

3. Contrary to FOIA, the BLM failed to make a determination on Guardians' FOIA request within the time limits required by the statute and failed to produce any of the records sought. Guardians requests an order declaring that the BLM has violated FOIA, directing the BLM to make a determination on Guardians' FOIA request, and compelling the BLM to immediately provide Guardians with the records it has requested by a date certain.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

5. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201. This Court has authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

6. This Court has authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

7. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B). Venue is also appropriate under 28 U.S.C. § 1391 because defendant is an agency of the United States with its primary

office in Washington, D.C., and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

8. Plaintiff WildEarth Guardians ("Guardians") is a non-profit conservation organization dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the American West. Guardians has offices in Colorado, Montana, New Mexico, Arizona, Washington, and Oregon. With more than 207,000 members and supporters, Guardians works to sustain a transition from fossil fuels to clean energy in order to safeguard the West. The records sought in this action are requested in support of these efforts.

9. Guardians works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA. Guardians then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, and public officials through various sources including publications, reports, its website and newsletter, general news media coverage, and public presentations. Guardians' successful efforts at educating the public on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities. Guardians also uses the information that it acquires through FOIA to participate in federal decision-making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

10. Guardians, its staff, or one or more of its members are directly injured by BLM's failure to comply with the statutory requirements of FOIA, and a favorable outcome of this

...

...

litigation will redress that injury. Guardians bring this action on behalf of itself, its staff, and its members.

11. Defendant United States Department of the Interior, Bureau of Land Management ("BLM") is a federal agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges the BLM with the duty to provide public access to records in its possession. The BLM is in possession and control of the records sought by Guardians. The BLM is denying Guardians access to its records in contravention of federal law.

## FACTUAL AND LEGAL BACKGROUND

12. FOIA requires federal agencies to "determine within 20 days . . . after the receipt of any [FOIA] request whether to comply with such request and . . . immediately notify the person making such request of . . . such determination and the reasons therefor[.]" 5 U.S.C. § 552(a)(6)(A)(i)(I).

13. On August 28, 2017, Guardians submitted a FOIA request to the BLM, requesting "[a]ny and all records related to or concerning the proposed Normally Pressured Lance Natural Gas Development Project in Sublette County, Wyoming" (the "FOIA request").

14. On September 11, 2017, Guardians received confirmation from the BLM that it had received Guardians' FOIA request and that its request was being processed. The BLM assigned the number "BLM-2017-01000" to the request.

15. In the same letter, the BLM asked Guardians to clarify the scope of its request by providing the time period or dates for the agency to search and the specific area, office, or field locations in which the agency should conduct its search for responsive documents.

16. On September 12, 2017, Guardians responded to the BLM's September 11, 2017, clarification request, stating that the organization sought all records from the date industry or

other interested parties conceived the Normally Pressured Lance Project and presented it to the BLM to the present date, and all records from the Wyoming State Office of the BLM and any other relevant field office.

17. On September 13, 2017, the BLM acknowledged receipt of Guardians' clarification. The BLM stated that because of the need to search for records in other field offices separate from the office processing the request, the agency would be taking an extension of ten workdays to make a determination, pursuant to 43 C.F.R. § 2.19. For the same reason, the BLM stated it would be placing the request under the "Exceptional/Voluminous" processing track, 43 C.F.R. § 2.15. The BLM did not describe any further "unusual circumstances" meriting an extension of the deadline for making a determination on Guardians' request. The BLM did not provide a date certain upon which it expected the request to be processed.

18. On September 21, 2017, the BLM sent Guardians an email stating that it intended to release records on a rolling basis, "as responsive records are searched for, reviewed, consulted on, and duplicated." The agency did not provide information regarding the scope of the documents it intended to produce and withhold in response to Guardians' FOIA request or a date certain upon which Guardians could expect a determination on its request.

19. Having received no further communications related to its FOIA request, on September 25, 2017, and again on October 13, 2017, Guardians sent an email to the BLM FOIA Officer inquiring about the status of its request.

20. On October 15, 2017, the BLM responded via email stating that the agency was still "searching and collecting responsive records" to the FOIA request. The agency did not provide information regarding the scope of the documents it intended to produce and withhold in

response to Guardians' FOIA request or a date certain upon which Guardians could expect a determination on its request.

21. On October 24, 2017, the BLM notified Guardians that the agency had placed a portion of the documents Guardians' requested (Geographic Information Systems ("GIS") data) in an unreadable format on the agency's website. However, the BLM did not inform Guardians of the scope of the documents it intended to produce and withhold in response to Guardians' FOIA request or a date certain upon which Guardians could expect a determination on its request.

22. On October 27, 2017, the BLM notified Guardians that it was still "unable to make a determination on [Guardians'] request," but indicated that it was continuing to search for and review responsive records. The agency did not provide information regarding the scope of the documents it intended to produce and withhold in response to Guardians' FOIA request or a date certain upon which Guardians could expect a determination on its request.

23. On November 9, 2017, Guardians sent an email to the BLM FOIA Officer again inquiring about the status of its request.

24. On November 14, 2017, the BLM responded via email that it was "continuing to search for, review, and consult on, and duplicate potentially responsive records" to Guardians' request. The agency did not provide information regarding the scope of the documents it intended to produce and withhold in response to Guardians' FOIA request or a date certain upon which Guardians could expect a determination on its request.

25. On April 2, 2018, the BLM notified Guardians that its FOIA request was still "in line for further installment review." The agency did not provide information regarding the scope

of the documents it intended to produce and withhold in response to Guardians' FOIA request or a date certain upon which Guardians could expect a determination on its request.

26. More than 157 workdays have passed since Guardians submitted its August 28, 2017, FOIA request to the BLM.

27. To date, the BLM has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to Guardians' FOIA request or disclosed all records responsive to its request.

28. Guardians has fully exhausted its administrative remedies for its August 28, 2017, FOIA request to the BLM. Administrative remedies are deemed constructively exhausted whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i). Guardians now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## CLAIM FOR RELIEF

**Violation of FOIA—Failure to Make a Determination on Guardians' FOIA Request Within the Statutory Time Frame**

29. Guardians incorporates all the allegations in this complaint by this reference.

30. The BLM has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to the FOIA request, or its reasons for withholding any documents, and has not disclosed to Guardians all records responsive to the FOIA request.

31. This failure to make a determination on Guardians' August 28, 2017, FOIA request (number BLM-2017-01000) within the time frame required by FOIA is a constructive denial and wrongful withholding of the records Guardians requested in violation of FOIA, 5 U.S.C. § 552.

32.     Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the BLM's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Guardians respectfully requests that this Court:

A.      Declare that the BLM has violated FOIA by wrongfully withholding the records Guardians requested in FOIA request number BLM-2017-01000;

B.      Order the BLM to make a determination on Guardians' FOIA request number BLM-2017-01000 and to provide Guardians with all wrongfully withheld records;

C.      Maintain jurisdiction over this action until the BLM complies with FOIA and every order of this Court;

D.      Award Guardians its costs and reasonable attorney fees incurred in prosecuting this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.      Grant such other and additional relief as the Court deems just and proper.


Respectfully submitted on the 16th day of April, 2018,


/s/ Kelly Nokes
Kelly Nokes (Bar No. MT 0001)
WildEarth Guardians
2590 Walnut St.
Denver, CO 80205
(406) 209-9545
knokes@wildearthguardians.org

/s/ Samantha Ruscavage-Barz
Samantha Ruscavage-Barz (Bar No. CO0053)
WildEarth Guardians
516 Alto St.
Santa Fe, New Mexico 87501

(505) 401-4180 (office)
(505) 213-1895 (fax)
sruscavagebarz@wildearthguardians.org

*Attorneys for Plaintiff WildEarth Guardians*

*Of Counsel*

/s/ Rebecca Fischer
Rebecca Fischer (Colorado Bar No. CO51604)
WildEarth Guardians
2590 Walnut St.
Denver, CO 80205
(406) 698-1489
rfischer@wildearthguardians.org